IN THE MATTER OF PETER J. MONAGHAN, AN ATTORNEY AT LAW.

Submitted November 22, 1985—Decided November 12, 1986.

*David E. Johnson, Jr.,* Director, submitted letter briefs on behalf of Office of Attorney Ethics.

*Peter E. Doyne,* submitted a letter brief on behalf of respondent (*Melli & Doyne,* attorneys).

PER CURIAM.

This matter, like *In re Hein*, 104 *N.J.* 297 (1986), and *In re Romano*, 104 *N.J.* 306 (1986), both also decided today, arises from a Report and Recommendation of the Disciplinary Review Board that respondent be disbarred because of a knowing misappropriation of clients' funds, an ethical violation calling for disbarment under *In re Wilson*, 81 *N.J.* 451 (1979).

Respondent does not dispute that the misappropriation took place but rather contends that it was the product of the debilitating effects of alcoholism. As in *In re Hein, supra,* 104 *N.J.* 297, and *In re Romano, supra,* 104 *N.J.* 306, we conclude that alcoholism or drug dependency is not a mitigating factor sufficient to overcome the presumption of disbarment in a misappropriation case.

Here, as in the other two cases, we reach the result because we conclude that our primary purpose of preserving public confidence in the integrity of the bar outweighs in significance our desire to rehabilitate and assist attorneys who, like other members of society, suffer from alcohol or drug dependency.

The decision is that respondent be disbarred.

Respondent shall reimburse the Ethics Financial Committee for appropriate administrative costs.

*For disbarment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.

## ORDER

It is ORDERED that PETER J. MONAGHAN of BERGEN-FIELD, who was admitted to the bar of this State in 1972, be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that PETER J. MONAGHAN be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with disbarred attorneys; and it is further

ORDERED that respondent reimburse the Ethics Financial Committee for appropriate administrative costs.